METROPOLITAN LIFE INSURANCE COMPANY, Appellant,

v.

Constance C. WOOD, Appellee.

No. 17561.

United States Court of Appeals Ninth Circuit.

May 4, 1962.

Knight, Boland & Riordan, Burton L. Walsh, Richard J. Kilmartin, San Francisco, Cal., Adams, Duque & Hazeltine, Henry Duque, James C. Powers, Los Angeles, Cal., for appellant.

Moerdyke, Anderson, Evans & Rhodes, N. Perry Moerdyke, Jr., Palo Alto, Cal., John F. Porter, Palo Alto, Cal., for appellee.

Before ORR, HAMLEY, and BROWNING, Circuit Judges.

PER CURIAM.

On January 12, 1959, appellee's husband delivered an application for a policy of life insurance and a check for the first premium to an agent of the appellant insurance company. On January 17, 1959, he was examined by appellant's physician; later that day he died. Appellant thereafter rejected the application and offered to return the premium payment. Appellee sued to recover as beneficiary under the policy. "The issue in this appeal," as appellant states it, "is whether or not appellee's deceased husband, Jean L. Wood, was insured by appellant at the time of his death."

The determination of this issue turns on the proper interpretation of the language of the application. The same language was before this Court in Metropolitan Life Ins. Co. v. Grant, 268 F.2d 307 (9th Cir., 1959). Relying on Ransom v. Penn Mutual Life Ins. Co., 43 Cal.2d 420, 274 P.2d 633 (1954), we there concluded that under the law of California, an applicant might reasonably construe the language to mean "pay the portion of the premium required in advance and in consideration thereof you will have protection until your application is accepted or rejected" (268 F.2d at 310). We further concluded on the basis of Ransom that the Supreme Court of California would require any ambiguity in the language to be resolved against the insurance company which drafted it, and would therefore hold that "interim insurance

was in force and effect from the time of the receipt by appellant's agent of the application and check * * *." (Ibid.) Ransom, as applied in Grant, would appear to be dispositive of this case.

Appellant argues, however, that the decedents in both Ransom and Grant were insurable at the time the applications and premium payments were submitted, whereas, in the present case Mr. Wood concededly was not. Appellant suggests that the rule of Ransom should be limited to situations in which the applicant was insurable when the application was submitted. In Ransom the insurance company sought to avoid liability on the ground that the applicant in that case was in fact an unacceptable risk for the insurance plan for which he had applied when he filed his application (43 Cal.2d at 425, 274 P.2d at 636). The Supreme Court of California rejected the argument, pointing out that at the time of the applicant's death, the insurance company had not finally determined that the applicant was unacceptable. The California Court adopted the rule reflected in the line of cases holding "that the provision to the effect that the insurance shall be in force from the date of the application if the premium is paid gives rise to a contract of insurance immediately upon receipt of the application and payment of the premium, and that the proviso that the company shall be satisfied that the insured was acceptable at the date of the application creates only a right to terminate the contract if the company becomes dissatisfied with the risk before a policy is issued" (43 Cal.2d at 424, 274 P.2d at 635). Under the California rule as reflected in Ransom the insurability of the applicant at the time of application is irrelevant.

Finally, appellant suggests that neither Ransom nor Grant considered the applicability of Section 10115 of the California Insurance Code, and that this statute imposes liability upon the insurance company in cases such as this only when the insured is actually insurable at the time of application. We need not agree or disagree with appellant's construction of

Section 10115. The statute imposes liability upon an insurance company in the circumstances described in the statute, but concededly appellant remained free to assume a greater liability by contract if it wished to do so. The question is simply whether it did do so in this case. Our reading of Ransom is that we must hold that it did. This Court is not the proper forum in which to suggest that the rule of Ransom be reconsidered.

It follows that under California law a contract by which the appellant was to pay Mrs. Wood fifteen thousand dollars upon the death of Mr. Wood arose between Mr. Wood and the appellant when appellant's agent accepted Mr. Wood's application and premium payment. This contract was subject to termination upon the rejection of Mr. Wood's application by the appellant, but appellant's obligation to pay matured before the condition subsequent occurred.