STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, *v.* ANN KATHERINE CHRISTENSEN, Respondent.

No. 6577

March 13, 1972                              494 P.2d 552

*Vargas, Bartlett & Dixon,* and *Jon J. Key,* of Reno, for Appellant.

*Hibbs & Bullis,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

The parties agree on the issues of this appeal and the facts that gave rise to them.

Ann Katherine Christensen, respondent, while commuting from work on her motorcycle was involved in a collision with an automobile driven by Richard R. Stanton who was an uninsured motorist. Respondent was insured by five policies issued from State Farm under uninsured automobile coverage. She sued Stanton obtaining a default judgment in the amount of $96,302.95 on June 16, 1969. Although notified of this litigation State Farm chose not to participate.

Respondent then commenced an action against appellant seeking $50,000 which represented the combined policy limits of the five policies, plus interest. Her motion for summary judgment was granted on January 4, 1971 in the amount of $50,-000, plus prejudgment interest at 7 percent from June 16, 1969 (the date of the Stanton judgment) until paid, plus costs of suit with interest thereon from January 4, 1971.

1. The first question for our determination is whether the insurance company was bound by the Christensen judgment against Stanton so that the date the interest commenced to run was properly June 16, 1969 as the trial court ruled.

In Allstate Insurance Co. v. Pietrosh, 85 Nev. 310, 454 P.2d 106 (May 6, 1969), this court stated that when the company is given notice of the action, has the opportunity to intervene, and judgment is thereafter obtained against the uninsured motorist in an adversary proceeding, that the company should be bound thereby even despite contrary policy provisions. Prior to Pietrosh, the Nevada legislature on April 23, 1969 amended NRS 693.115 (1969 Nev. Stats. ch. 568), as follows: "No judgment in any action between the named insured or any person claiming under him and the owner or operator of an uninsured motor vehicle is binding upon the insurer with respect to the existence or amount of any liability under the coverage required by this section." It is the insurance company's contention now that the new law, subsection 5 thereof, should be applied to the Stanton action which was commenced March 20, 1969 and concluded June 16, 1969.

Such legislative adjudication represented by the statute is a judicial function and is void. Cf. Volpert v. Papagna, 85 Nev. 437, 456 P.2d 848 (1969). The effect of *Pietrosh,* supra, procedurally is to impliedly pronounce the insurer as an indirect party which is a procedural consequence that is ours to decide. *Pietrosh,* supra, being the last pronouncement on the subject

is controlling. The insurance company is bound by the judgment against Stanton.

2. We turn now to decide whether the award of prejudgment interest against the insurance company properly commenced from June 16, 1969, the date of the respondent's judgment against Stanton, or should have commenced as of January 4, 1971, the date of the summary judgment against the insurance company.

The main issue presented to the trial court was whether State Farm's liability was limited to the one policy limit of $10,000 or whether State Farm was under obligation to pay all five policies so that a total of $50,000 would be due. We decided in United Services Auto. Assoc. v. Dokter, 86 Nev. 917, 478 P.2d 583, rendered December 28, 1970, that policies issued by the same company could be stacked. The day after that decision the trial court in this case granted summary judgment which was entered on January 4, 1971.

The insurance company's liability became fixed the date of the Stanton judgment, June 16, 1969. On that date the appellant's obligation to compensate respondent in accord with its contractual obligations to her was established. Their contention that they had an unresolved bona fide issue of stacking and that therefore they should be absolved of prejudgment interest until it was decided is of no consequence.

We said in Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968), that the money becomes due when performance was due as resolved by the court upon trial of the cause. The Stanton judgment fixed their duty to pay under their contracts. Although this court had not yet decided *Dokter,* supra, the amount they were to pay was at their risk if they were wrong.

The Dokter decision being this court's first pronouncement of the stacking principle was, nevertheless, declarative of existing law applicable at the time of the event (Stone v. City and County of San Francisco, 80 P.2d 175, 178 (Cal.App. 1938)), in this instance the date of the default judgment. Gt. Northern Ry. v. Sunburst Co., 287 U.S. 358, 364 (1932).

Under our law with exceptions not pertinent here, interest is allowed, where no written contract fixes a different rate, at 7 percent per annum, upon all money from the time it becomes

due upon "contracts, express or implied." NRS 99.040(1); Paradise Homes v. Central Surety, supra.[1]

Therefore, interest on the total amount of $50,000 commenced to run on June 16, 1969 at 7 percent. All interest ceased on May 13, 1971 at which time tender was made of the entire $50,000.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[1]The three-pronged tests defining due dates of prejudgment interest on contracts are specified in Paradise Homes v. Central Surety, 84 Nev. 109, 116, 437 P.2d 78 (1968), wherein the Nevada cases on the subject are reviewed and NRS 99.040 is construed.