PHYLLIS MAY STATEN, APPELLANT, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; AND DOES I THRU X, RESPONDENTS.

No. 9133

June 7, 1978                                        579 P.2d 766

[Rehearing denied July 12, 1978]

*Bell, Young & Barney,* Las Vegas, for Appellant.

*Dickerson, Miles & Pico,* and *Charles H. Wagner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondent insured appellant under a policy including $50,000 personal injury (no-fault) coverage, and $15/30,000 uninsured motorist protection. In 1974, appellant sustained serious injuries in an automobile collision with an uninsured motorist. Respondent paid basic reparation benefits pursuant to appellant's no-fault coverage in excess of $15,000, but refused to pay additional claims under her uninsured motorist coverage. Appellant thereafter filed suit to recover the full $15,000 of uninsured motorist coverage, along with additional damages for breach of warranty and bad faith. The district court granted respondent's motion for summary judgment, concluding: (1) respondent had a statutory right to deduct no-fault payments from uninsured motorist coverage; and (2) did not therefore act in bad faith or breach any implied warranty. We disagree with the lower court's statutory interpretation and reverse.

NRS 690B.020(7) provides: "*To the extent* that a person is entitled to basic reparation benefits under chapter 698 of NRS [no-fault], he may not recover payments under uninsured motor vehicle coverage." (Emphasis added.) Respondent contends the Legislature intended the above language to permit a set-off of no-fault benefits against uninsured motorist protection. However, jurisdictions which have permitted such set-offs have done so only where legislation permitted an explicit "reduction" of benefits. *See, e.g.,* Cal. Ins. Code § 11580.2(e) (West); Or. Rev. Stat. § 743.835; Monaco v. United States Fidelity and Guaranty Co., 550 P.2d 422 (Or. 1976). Here, it appears that our Legislature intended NRS 690B.020(7) to preclude only a double recovery of benefits under both the no-fault and uninsured motorist provisions of a policy. *Cf.* Royal Globe Ins. Co. v. Connolly, 389 N.Y.S.2d 207 (App.Div. 1976); Rabideau v. Aetna Cas. & Sur. Co., 388 N.Y.S.2d 719 (App.Div. 1976); Adams v. Government Emp. Ins. Co., 383 N.Y.S.2d 319 (App.Div. 1976). Any other result would effectively negate the policy provision purchased for uninsured motorist coverage.

Appellant received $15,000 for economic detriment under her no-fault coverage. However, she was denied recovery under her uninsured motorist limits for additional economic and non-economic detriment suffered. When appellant purchased uninsured mototist protection, at added cost to herself, she was in effect buying a separate insurance policy for the defendant who injured her. If appellant had been injured by an insured defendant, then respondent concedes she would have been entitled to recover benefits under her own policy, and sue for additional recovery under the defendant's policy. It would, therefore, be illogical to deny similar recovery to an insured who purchases such additional protection.

Reversed and remanded.