AMBASSADOR INSURANCE COMPANY, an Insurance Company, Appellant, v. ROGER BOZARTH, Respondent.

No. 9328

August 9, 1978                                582 P.2d 798

*John D. Nitz,* Las Vegas, for Appellant.

*James R. Crockett, Jr.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Ambassador Insurance Company issued a non-owner automobile insurance policy to respondent Roger

Bozarth. Because he did not then own a vehicle, an operator policy was issued in lieu of an owner policy and provided protection for Bozarth when he operated vehicles owned by others. The policy was issued to satisfy the Nevada Motor Vehicle Safety Responsibility Act. NRS Chapter 485. The premium was exactly the same for the non-owner policy as it was for the owner policy.

During the policy period Bozarth purchased a vehicle but failed to inform Ambassador to effect a change from the non-owner policy to an owner policy. Subsequently, Bozarth was injured in a one-vehicle accident, but because he had failed to notify Ambassador of his ownership of the automobile involved, the insurance company refused to provide the basic reparation benefits mandated under the no-fault Nevada Motor Vehicle Insurance Act. NRS Chapter 698.

Ambassador contended that a regulation announced by the Nevada Insurance Commissioner authorized insurance companies to exclude from basic reparation benefits insureds not having the requisite security for their vehicles.[1] Ambassador reasoned that because Bozarth was injured in an owned vehicle while he had non-owner insurance, he came within the exception to the regulation and was thus precluded from receiving any basic reparation benefits.

Bozarth contended that the Motor Vehicle Insurance Act was controlling and that basic reparation benefits were owed irrespective of any distinction between owner and non-owner, operator, policies. He argued that there was no distinction in premiums and there ought be no distinction in entitlements.

Ambassador sued for declaratory relief and Bozarth filed a counterclaim. Bozarth then moved for a summary declaratory judgment, which the trial court granted. Ambassador now appeals the order granting summary declaratory judgment.

We query whether the trial court properly entered its order for summary declaratory judgment in behalf of respondent?

Below, Ambassador sought a declaratory judgment and the court's order granting Bozarth's counter motion was entered pursuant to NRCP 56(b) which provides in part that a

---

[1]The exclusionary language of Regulation PC–18 (1974) provided in part:

D.    Exclusions

. . .
2.    In order that proper insurance coverage will be provided with respect to every *motor vehicle* owned by the named insured or any *relative,* this coverage does not apply to *bodily injury* sustained by (a) the *named insured* or any *relative* arising out of the maintenance or use of any *motor vehicle* owned by the *named insured* and with respect to which security under the Nevada Motor Vehicle Insurance Act is not in effect. (Emphasis original.)

party against whom a claim . . . is asserted or *a declaratory judgment is sought* may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

In addition to seeking "summary declaratory relief", Bozarth also filed a counterclaim praying for both compensatory and exemplary damages. The trial court granted Bozarth's "Motion for Summary Declaratory Judgment", but made no determination as to damages. This suggests that the judgment was interlocutory in nature. NRCP 56(c) states in part that a

summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Upon initial appeal, we remanded the matter to the district court for entry of a final appealable judgment pursuant to NRCP 54(b). An express determination that no just reason for delay exists and an express direction for entry of judgment having been made, we now reach the merits of this matter.

[Headnotes 1, 2]

The evidence indicated that Ambassador did not treat its owner policy substantially different from its non-owner policy. The premiums were exactly the same, the transfer from an operator policy to an owner policy was merely a clerical matter, and there is no showing whatsoever of an insurance risk change. Respondent was justified in his reasonable expectation that coverage existed. *Compare,* Prudential Insurance Co. v. Lamme, 83 Nev. 146, 425 P.2d 346 (1967). Courts are not diligent in searching for an excuse to justify a forfeiture. Clark v. London Assurance Corp., 44 Nev. 359, 195 P.809 (1921). Thus, the failure of Bozarth to promptly notify Ambassador when he purchased the vehicle will not preclude him from enjoying the basic reparation benefits contemplated by the enactment of Nevada's no fault insurance scheme. NRS 698.230 provides for the right to receive basic reparation benefits unless such benefits are excluded under the provisions of NRS 698.340, all of which are inapplicable to respondent.

The order of the trial court granting respondent's motion for summary declaratory judgment is affirmed.