ALLSTATE INSURANCE COMPANY, Appellant, *v.* ROBERT E. MAGLISH, KAYLIN MAGLISH, NEVADA INDUSTRIAL COMMISSION, JULES WILBERT ABBOTT, Respondents.

No. 9508

November 10, 1978                         586 P.2d 313

*Thorndal & Liles,* and *Leland Eugene Backus,* Las Vegas, for Appellant.

*Cochrane, Lehman, Nelson & Rose,* and *Frank A. King,* Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Allstate Insurance Co. appeals a summary judgment determining that a single insurance policy on two automobiles provided two $15,000 uninsured motorist coverages, totaling $30,000. Appellant claims the policy provided only one uninsured motorist coverage of $15,000. We affirm the judgment.

On May 30, 1975, while riding a motorcycle pursuant to his duties as a police officer, respondent Robert E. Maglish sustained injuries in an accident negligently caused by an uninsured motorist. Subsequently, Maglish obtained a $55,000 default judgment against the motorist. It is uncontested that before the accident, Allstate had sold Maglish a single policy covering two automobiles, and containing uninsured motorist provisions. However, whether the policy provided two "UM" coverages, which may be "stacked," is disputed.

Maglish demanded $30,000 from Allstate. Allstate maintained the appropriate figure to be $15,000, and sought declaratory relief to determine the applicable policy limit.

The policy declares protection in amounts of $15,000 for one person and $30,000 for one accident on *each* vehicle insured.[1] Maglish moved for summary judgment on the theory that since two cars are insured, the coverages may be "stacked" so that the policy limit is $30,000 where one person is injured. A clause appearing in the separate UM provision of the policy purports to limit liability as follows:

> The limit of liability stated in the declarations as applicable to "each person" is the limit of Allstate's liability for all damages . . . suffered by one person as the result of any one accident and, . . . the limit of liability stated in the declarations as applicable to "each accident" is the total limit of Allstate's liability for all damages . . . sustained by two or more persons as the result of any one accident.

The district court was aware of the split of authority in this country on the issue of stacking UM coverage. After determining that the public policy of this state favors stacking, the court granted summary judgment, awarding Maglish $30,000. In making its determination, the court considered the relevant decisions of this court on the issue of stacking.

In United Services Auto. Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970), we held that, "where the insurer issues two automobile policies containing uninsured motorist coverage, the extent of coverage is the combined total amount of such policies, and actual damages sustained by the insured are recoverable to the full extent of the combined limits of both policies." *Id.* at 920.

In State Farm Mut. Auto. v. Christensen, 88 Nev. 160, 494 P.2d 552 (1972), the insured owned five vehicles, each insured under a separate policy issued by State Farm. We allowed the insured to recover the combined UM coverages of the five policies. *Christensen* reaffirmed the *Dokter* holding that "policies issued by the same company [can] be stacked." *Id.* at 163. We explained in *Dokter, supra,* that in stacking coverages of separate policies, the insured does not receive a windfall "since he paid two separate premiums for the indemnity of two separate policies." *Dokter, supra* at 920.

In State Farm Mut. Auto. Ins. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971), we examined the effect and intent of our UM statutes. Although stacking was not dealt with in that case, the

---

[1]This declaratory provision of the policy is absent from the record. However, it is stated as a fact in the lower court's decision and is not disputed on appeal. Additionally, this is the minimum bodily injury liability coverage required by NRS Chapter 485.

principles employed in the decision are relevant to the issue now before us. The plaintiff in *Hinkel* suffered injuries resulting from the negligence of an uninsured motorist. At the time of the accident, plaintiff was an "insured" under the terms of a State Farm Automobile insurance policy owned by plaintiff's father and providing UM coverage. However, when injured, plaintiff was operating his own vehicle, which was not insured by his father's policy. By its express terms, the policy excluded coverage for "bodily injury to an insured while occupying a . . . vehicle owned by [an] insured . . . if such vehicle is not an insured automobile." State Farm urged that this exclusionary clause precluded recovery by plaintiff. We determined that "An insurance company may limit [UM] coverage only if the limitation does not contravene public policy." *Id.* at 481. Although presented with contrary views of appropriate public policy in other jurisdictions, we chose in *Hinkel* to construe our UM statutes in favor of recovery by the insured. We held that the exclusionary clause was an effort by the insurance company to restrict the protection to which the insured was statutorily entitled. As such, it was contrary to public policy and void.

In this appeal Allstate claims that *Dokter* and *Christensen* are not authority for stacking UM coverage where multiple vehicles are insured in a single policy, and that the liability limiting clause unequivocally restricts UM coverage to $15,000, and is consistent with public policy. We disagree.

Some jurisdictions profess that the analysis used to allow stacking coverages of separate policies is inappropriate when considering the single multi-vehicle policy situation. Morrison Assurance Company, Inc. v. Polak, 230 So.2d 6 (Fla. 1969). In our view, however, the public policy underlying *Dokter* and *Christensen* is that the insured is entitled to recover damages to the full extent of personal coverage for which he has paid premiums.[2] This principle applies with equal force where two premiums are paid to provide UM coverage for two vehicles within the same policy.

Although we question whether the liability limiting clause is unequivocal as alleged by Allstate, we need not address that issue since the clause is void if contrary to public policy. State Farm Mut. Auto. Ins. v. Hinkel, cited above. In *Hinkel,* an exclusionary clause was voided under this rule because it was not the intent of the legislature "to require [the insurer] to offer protection with one hand and then [allow the insurer to] take a part of it away with the other." *Id.* at 481, 482. Similarly, it violates public policy to allow the insurer to collect a

[2] *Cf.* Staten v. State Farm Mut. Auto. Ins., 94 Nev. 283, 579 P.2d 766 (1978) (where insured was entitled to recover actual damages suffered under UM coverage despite partial recovery under no-fault provision of policy).

premium for certain protection and then take it away by a limiting clause. *See* Great Central Ins. Co. v. Edge, 298 So.2d 607 (Ala. 1974); Employers Liability Assur. Corp., Ltd. v. Jackson, 270 So.2d 806 (Ala. 1972); Wilkinson v. Firemans Fund Insurance Co., 298 So.2d 915 (La.App. 1974); Cunningham v. Insurance Company of North America, 189 S.E.2d 832 (Va. 1972).

We therefore adopt the view expressed by Chief Justice Heflin for the Alabama Supreme Court that "where the insurer issue[s] a policy providing uninsured motorist coverage and collect[s] a premium with respect to more than one automobile the insurer can not preclude a recovery based on each premium by a limiting clause." Great Central Insurance Company v. Edge, cited above, at 608.

This holding is consistent with our UM statutes and achieves a just result.

NRS 690B.020 does not restrict an insured to the minimum UM coverage, and nowhere does it limit an insured to one coverage where multiple vehicles are insured.[3] Moreover, an insured owning two automobiles is clearly entitled to buy from the insurer a separate policy for each vehicle and thereby automatically have two coverages available for recovery. United Services Auto. Ass'n v. Dokter, cited above; State Farm Mut. Auto. v. Christensen, cited above.

It is reasonable to expect the same coverage where comparable premium dollars are paid to insure the same two cars, for convenience, under a single policy. A combination coverage should not be the predicate for an exclusion of coverage. Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973). Such a result would allow a simple change in form to defeat the insured's reasonable expectation, as well as the substance of the law.

Allstate seeks to avoid this result by suggesting that in a single multi-vehicle policy, the additional UM premiums are not consideration for an increased *amount* of UM coverage, but for the same amount of coverage with added protection for persons while occupying the additional vehicle. This contention is without merit. In our state, once an insured pays a premium for UM coverage, he and others "insured" within the policy

[3]NRS 690B.020 provides:

"1. No policy . . . shall be delivered . . . in this state with respect to *any motor vehicle* . . . unless [UM] coverage is provided therein . . . . (Emphasis added.)

"2. The amount of [UM] coverage to be provided shall be not less than [$15,000 for one person and $30,000 for two or more persons, injured in any one accident] but may be in an amount not to exceed the bodily injury liability insurance purchased by the policyholder."

definition are entitled to UM protection under the policy regardless of whether they are occupying or driving an "insured vehicle" when injured. State Farm Mut. Auto. Ins. v. Hinkel, cited above.

Allstate argues alternatively that if the number of premiums is determinative, the cause should be remanded for the trial court to determine that issue of fact. Allstate alleges that Maglish paid "one premium as coverage for the two vehicles," and that it can prove that "fact" by its bookkeeping records.

In passing, we note that the phrase "one premium as coverage for the two vehicles" is ambiguous, and would not in any event convince us that the district court overlooked a genuine issue of material fact.[4] However, even if Allstate had alleged and could prove that only one UM premium was paid, sound judicial policy favors determining an insured's rights from the face of the policy or documents which form part of the bargain. Thus, we think recourse to records not accessible to an insured cannot be allowed to limit his rights. This principle is fortified with respect to UM coverage, by the legislative mandate of such coverage unless expressly rejected in writing by the insured.[5]

Here, Allstate does not contend that Maglish rejected in writing either of the UM coverages legally available to him upon the purchase of policies (or a policy) covering his automobiles. Nor does Allstate contend that, upon such rejection, any appropriate limitation of coverage was unequivocally stated in the document issued to him. Absent any suggestion that such facts could be shown, the district court properly determined there was present no genuine issue of fact.

BATJER, C. J., and MOWBRAY, THOMPSON, and MANOUKIAN, JJ., concur.

---

[4]Doubtless, for nearly every insurance policy issued, the insured tenders only one check as a lump sum payment of the several premiums charged. In the single-vehicle policy, this method of payment does not negate the distinct premiums charged for various optional blocks of coverage. Similarly, in the multi-vehicle policy, payment of one premium as coverage for the vehicles insured thereunder does not signify that only one UM premium was paid. Allstate has never alleged that Maglish paid only one UM premium.

[5]NRS 690B.020(1) mandates UM coverage "but no such coverage shall be required . . . where rejected in writing on a form furnished by the insurer describing the coverage being rejected, by an insured named therein."