[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is plaintiff's motion for declaratory judgment. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1985 Reenactment) § 9-30-1, et. seq.
The parties have stipulated to the following facts: On or about October 15, 1989, Peter C. Danz, owner and operator of an uninsured motor vehicle, negligently drove his automobile causing fatal injuries to Mrs. Beryl A. Woolley. Subsequently, in 1990, Mrs. Woolley's husband, Jack E. Woolley, died of causes unrelated to said accident. The couple leave three children as heirs at law, one of which is plaintiff, Karen Boyajian.
Mr. and Mrs. Woolley had an insurance policy (#991133-4028) underwritten by defendant, Amica Mutual Insurance Company, covering two different automobiles, one of which was involved in said accident. The Woolleys paid two separate premiums for liability coverage of both automobiles. However, the Woolleys paid a single premium for uninsured motorist bodily injury coverage, (hereinafter, UMBI) amounting to $85.00. Plaintiff contends that pursuant to her parents' insurance policy with defendant and Rhode Island statute, the UMBI coverage limit of $100,000 per automobile per accident should be "stacked" resulting in coverage of $200,000. Defendant submits that only one premium for UMBI coverage was paid, not one per vehicle. Therefore, according to the policy and Rhode Island statute, UMBI coverage is limited to $100,000.
The issue before the Court is whether plaintiff should be permitted to "stack" the UMBI coverage.
Our Supreme Court first addressed the "stacking" of Rhode Island UMBI coverage in Taft v. Cerwonka, 433 A.2d 215 (R.I. 1981). In Taft, plaintiffs insured two separate automobiles under a single policy and paid two separate premiums for UMBI coverage. The policy contained an ambiguous clause limiting UMBI coverage. As such, the court interpreted the limitation clause as allowing intra-policy "stacking." The court gave primary consideration to the "reasonable expectations" of the insured, stating:
 It is reasonable to expect the same coverage where comparable dollars are paid to insure the same two cars, for convenience, under a single policy. A combination coverage should not be the predicate for an exclusion of coverage. Such a result would allow a simple change in form to defeat the insured's reasonable expectation, as well as the substance of the law. [Citation omitted.] Taft v. Cerwonka, 433 A.2d 215, 218 (R.I. 1981) (quoting Allstate Insurance Co. v. Maglish, 94 Nev. 699, 703, 586 P.2d 313, 315 (1978)).
Foreseeing the potential for absurd results, the court was careful to limit its holding to cases factually similar. Id. at 219.
Four years later, after the promulgation of R.I.G.L. §27-7-2.1(C) which permits "stacking", under the circumstances, the court addressed the "stacking" issue again. In Constant v.Amica Mut. Ins. Co., 497 A.2d 343 (R.I. 1985), plaintiffs insured two automobiles under a single policy paying a separate premium for liability and UMBI coverage for each vehicle. The policy provided for a limitation on UMBI coverage which clearly limited recovery to a maximum of $50,000 regardless of the "numbers of . . . vehicles or premiums shown in the Declarations." The court held the language in the declarations and the policy to be unambiguous, thereby removing any reasonable expectation on the part of plaintiff as to the right to "stack" UMBI coverage. The court held that pursuant to the plain wording of the policy, plaintiff was not entitled to "stack" UMBI coverage.
The case at bar has a similar fact pattern as that ofConstant. The Woolleys insured both of their automobiles under a single policy. The Declaration Sheet provided for separate but identical premiums for each automobile with respect to liability coverage. Yet, unlike in Constant, the Amica policy provided for a single $85.00 premium for UMBI coverage. The Declaration Sheet of the Policy provided two columns, one for each vehicle and listed the amount of coverage and premiums paid for the respective coverage per automobile. The policy listed UMBI coverage for both automobiles, yet instead of listing the amount of UMBI coverage and its respective premium for each automobile, the Declaration Sheet indicated an asterisk in each column for each vehicle and referred the insured to the middle of the page which read, "UNINSURED MOTORISTS-BODILY INJURY POLICY LIMIT- $100,000 EACH ACCIDENT- PREMIUM $85.00."
Plaintiff contends that the two asterisks indicate the identical UMBI coverage for both automobiles and the single $85.00 premium represents two (2) premium payments of $42.50 for UMBI coverage for each automobile. Defendant contends that only one premium was paid, not one per vehicle. Therefore, pursuant to the policy and Rhode Island statute, recovery is limited to $100,000.
Contracts for uninsured-motorists coverage must be construed in light of the public policy mandated by the legislature.DiTata v. Aetna Cas. Sur. Co., 542 A.2d 245 (R.I. 1988). Our statutorily declared policy applicable to the case at bar is found in R.I.G.L. § 27-7-2.1(C) which was amended in 1988 to read:
 27-7-2.1(C) Uninsured motorist coverage
 Whenever an insured has paid two (2) or more separate premiums for uninsured motorists' coverage in a single policy of insurance or under several policies with the same insurance company, the insured shall be permitted to collect up to the aggregate amount of coverage for all of the vehicles insured, regardless of any language in the policy.
This Court notes that R.I.G.L. § 27-7-2.1(C) did not exist at the time the court ruled in Taft and Constant. Therefore, although both cases are factually similar to the case at bar, the court's holdings are not controlling due to the change in R.I.G.L. § 27-7-2.1.
In the case at bar, the policy is clear as to the amount of UMBI coverage per automobile. It has long been established that where terms are clear and unambiguous, the policy must be applied as written, absent fraud, mutual mistake, or other similar cause.Factory Mut. Liability Ins. Co. of America v. Cooper, 106, R.I. 632, 262 A.2d 370 (1970). A court should not stretch its imagination in order to read ambiguity into a policy where none is present. Mullins v. Federal Dairy Co., 568 A.2d 759 (R.I. 1990). Therefore, this Court must apply the policy as written.
Just as the Declaration Sheet provides for identical liability coverage for both automobiles, it also provides for identical UMBI coverage as evidenced by identical asterisks under each automobile's coverage. The parties have agreed that the Woolleys were charged and paid a single premium for UMBI coverage. Given these facts, it is unreasonable for the Woolleys to have expected to be permitted to "stack" their UMBI coverage thereby doubling their UMBI coverage. Therefore, this Court finds that pursuant to the plain language of the Amica policy, the payment of a single UMBI premium and the explicit reading of R.I.G.L. § 27-7-2.1(C), the Woolleys are limited to $100,000 of UMBI coverage for each of their automobiles per accident.
For the reasons set forth above, this Court declares that the Woolleys are not permitted to "stack" their UMBI coverage and are limited to $100,000 of UMBI coverage.
Counsel shall prepare an appropriate judgment for entry.