WILLIAM F. COOKE, Appellant, *v.* SAFECO INSURANCE COMPANY OF AMERICA, a Corporation, Respondent.

No. 10692

December 20, 1978 587 P.2d 1324

*Peter Chase Neumann,* Reno, for Appellant.

*Hibbs and Newton,* and *Frank H. Roberts,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant's wife was severely injured in an automobile accident in November, 1976, and as a result of those injuries, she died. Appellant claims to have incurred medical expenses in excess of $23,000.00 on account of his wife's injuries.

Pursuant to the no-fault provisions of an automobile insurance policy covering appellant's two vehicles, respondent paid basic reparation benefits of $10,000.00.

Appellant contends respondent owes an additional $10,000.00 in basic reparation benefits because the policy insured two vehicles and charged a separate premium for each. Respondent on the other hand argues a limits of liability clause precludes this type of "stacking" of no-fault coverage.[1] We disagree.

In Travelers Insurance Co. v. Lopez, 93 Nev. 463, 567 P.2d 471 (1971), we held that the Nevada Motor Vehicle Insurance Act, Chapter 698, NRS, did not preclude stacking two or more obligations to pay basic reparation benefits where two policies insuring the same vehicle were on the same level of priority, but that the Act merely precluded recovery for the same items of

---

[1] A provision of respondent's Nevada Basic Reparation Benefits Endorsement reads as follows:

f. LIMITS OF LIABILITY

Regardless of the number of persons insured, policies or bonds applicable, claims made, or insured motor vehicles to which this coverage applies, the company's liability for all basic reparation benefits with respect to bodily injury sustained by any one eligible insured person in any one motor vehicle accident shall not exceed $10,000.00 in the aggregate.

damage. Both policies issued to Lopez provided for payment of basic reparation benefits of $10,000.00 and both contained "other insurance" clauses purporting to limit the maximum amount recoverable from all sources to $10,000.00. Lopez was involved in an accident with an uninsured motorist and incurred medical expenses in excess of $20,000.00. Travelers denied liability on the ground that the insured had already received benefits of $10,000.00 from Ambassador Insurance Co., Lopez' other insurer. We had little difficulty in declaring the "other insurance" clause null and void.[2] Travelers was required to pay $10,000.00 under the basic reparations provision of its policy.

Respondent attempts to distinguish *Lopez* on the grounds that (1) the "limitation of liability" clause herein involved is valid, and (2) the separate premiums Cooke paid were for no-fault coverage on two separate vehicles. These distinctions do not require a contrary result. Compare, Travelers Indem. Co. v. Wolfson, 348 S.2d 661 (Fla.App. 1977); Chappelear v. Allstate Ins. Co., 347 S.2d 477 (Fla.App. 1977); and Fla. Stat. Ann. 627–736 which specifically limits the maximum amount of no-fault benefits recoverable to $5,000.00.

Here, appellant paid two premiums for two separate no-fault coverages. The public policy of this state prevents the insurance company from limiting its liability to a single recovery under such circumstances. Allstate Insurance Co. v. Maglish, 94 Nev. 699, 586 P.2d 313 (1978); Travelers Insurance Co. v. Lopez, *supra.* The insured is entitled to the protection he may reasonably expect for the premiums he pays.

Recently, in Allstate Insurance Co. v. Maglish, *supra,* we permitted stacking of *uninsured motorist* coverage where a single policy insured two vehicles. Separate premiums were charged for the coverage and we declared the liability limiting clause in that case contrary to public policy.[3] Respondent

[2]The Court held:

Accordingly, the better view favors [Lopez'] position that an insured is entitled to payment in full up to the policy limit with respect to each policy under which coverage is afforded, and that 'other insurance' clauses and similar clauses which purport to limit liability are void. [Citations omitted.] Travelers Insurance Co. v. Lopez, *supra,* 93 Nev. at 468.

[3]The clause provided:

The limit of liability stated in the declarations as applicable to 'each person' is the limit of Allstate's liability for all damages . . . suffered by one person as the result of any one accident and, . . . the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of Allstate's liability for all damages . . . sustained by one or more persons as the result of any one accident.

offers no compelling reason why the same result should not obtain in the instant case regarding no-fault coverage. *See also,* State Farm Mut. Auto. Ins. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971); United Services Auto. Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970).

Accordingly, we reverse the summary judgment and remand to the district court for further proceedings consistent with our opinion.