DANNY BRYAN and KENNETH BRYAN, Appellants,
v. CARL E. ALLEN, Respondent.

No. 10693

July 9, 1980 613 P.2d 412

*James J. Brown,* Las Vegas, for Appellants.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Danny and Kenneth Bryan, two pedestrians, were injured by respondent Carl Allen's negligent operation of an automobile.

At the time of the accident, the Nevada Motor Vehicle Insurance Act (Chapter 698 of the Nevada Revised Statutes, *repealed* 1979 Nev. Stat., ch. 660, § 9) was still in effect. The Bryans received basic reparation benefits to cover their economic losses. *See* NRS 698.040; 698.070. Subsequently, the Bryans brought this tort action against Allen. *See* NRS 698.280(1)(i). No transcript of the trial appears in the record. The jury, instructed on the computation of damages for both economic and noneconomic detriment, returned a general verdict far in excess of the previously received reparation benefits. Upon respondent Allen's motion, the district court reduced the jury award by the amount of those previously paid benefits, and entered judgment accordingly. The Bryans appeal, contending that the reduction was error. We affirm.

Under Nevada's no-fault system, an injured party was not entitled to multiple recovery for the same loss. Cooke v. Safeco Ins. Co., 94 Nev. 745, 587 P.2d 1324 (1978); Travelers Insurance Co. v. Lopez, 93 Nev. 463, 567 P.2d 471 (1977). Indeed, the Legislature specifically abolished tort liability with respect to injuries compensated by the payment of basic reparation benefits. NRS 698.280(1)(h).

Here, it is undisputed that appellants received basic reparation benefits for their economic losses. It is also undisputed that the jury returned its general verdict after having been instructed on the computation of damages for both economic and noneconomic detriment and after having received evidence of economic loss.

A jury verdict is presumptively valid; absent a showing in the record, this Court will not read error into a general verdict. J.C. Penney Co. v. Gravelle, 62 Nev. 439, 455, 155 P.2d 477, 484 (1944). Appellants have not met their burden, either in the court below or on appeal, of establishing that their tort recovery did not include previously paid benefits. Easom v. Farmers Ins. Co., Inc., 560 P.2d 117 (Kan. 1977). The district court therefore properly reduced appellants' jury award. By so doing, the court did not encroach upon the province of the jury. *See* Van Fleet v. O'Neil, 44 Nev. 216, 233–34, 192 P. 384, 390 (1920). Rather, the court merely insured that appellants could not recover in a tort action what the Legislature had, by enacting NRS 698.280, specifically prohibited them from recovering.

The judgment is affirmed.

MOWBRAY, C. J., THOMPSON, MANOUKIAN, and BATJER, JJ., and ZENOFF, SR. J.,[1] concur.