ROBERT CARRILLO and ANNIE CARRILLO, Appellants and Cross-Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent and Cross-Appellant.

No. 11738

October 29, 1980 618 P.2d 351

[Rehearing denied January 13, 1981]

---

*Rogers, Monsey, Woodbury & Berggreen,* Las Vegas, for Appellants and Cross-Respondents.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

By the Court, BATJER, J.:

The Carrillos' daughter Barbara was killed in a one-car accident on July 29, 1977. The car was owned by the Carrillos and insured by State Farm Mutual Automobile Insurance Company (State Farm). Pursuant to terms of the insurance policy and NRS 698.070(5), State Farm paid the Carrillos $5,000 for survivor's benefits. On September 6, 1977, the Carrillos filed an amended complaint for declaratory relief against State Farm seeking, among other things, a declaration that they were entitled to recover survivor's benefits under each of the five automobile policies issued to them by State Farm and that they were entitled to recover $9,100, the maximum survivor's benefits, under each policy.

On November 3, 1977, the Carrillos moved for partial summary judgment. They argued that state public policy favors stacking of insurance policies and that they need not prove actual monetary loss in order to recover maximum survivor's benefits pursuant to NRS 698.070(5).

The district court found that the Carrillos were entitled to recover under each policy. However, because their daughter did not contribute anything of economic value at the time of her death, the district court awarded the minimum benefits of $5,000 per policy, together with interest at the rate of 18% per annum from 30 days after proof of loss was received by State Farm. *See* NRS 698.410.

Both parties moved to amend the judgment. The Carrillos sought attorney's fees. State Farm disagreed with the findings of fact, the award of 18% interest and the stacking of policies. Following a rehearing, the district judge vacated the November 3, 1978, judgment. On December 5, 1978, he entered a final judgment awarding the Carrillos $5,000 survivor's benefits on each of the five policies. On December 7, 1978, he entered an order denying attorney's fees and prejudgment interest.

In the district court the Carrillos argued that they are entitled to the maximum survivor's benefits of $9,100 on each policy because they had proved that their daughter was earning $237 per week when she died. On appeal, they argued that "things

of economic value'' include the value of future companionship, society, and comfort. State Farm responds that recovery of more than the minimum benefits of $5,000 requires proof of actual economic loss to the survivors.

Basic reparations benefits payable without regard to fault under Nevada's former no-fault insurance law include survivor's benefits. NRS 698.070(5) provides that

> "Survivor's benefits" means payment, in an amount not less than $5,000 and, except as provided in this subsection, not more than the amount a decedent would have received in disability income benefits for a period of 1 year if he had survived, to compensate survivors for loss of contributions of things of economic value which the survivors would have received from the decedent if he had not suffered the fatal injury, less expenses the survivors avoided by reasons of the decedent's death.

Arguably, the statute provides for compensation for economic loss up to $9,100 (maximum disability benefits decedent could have received under NRS 698.070(1)), but not less than $5,000.

If the survivors can prove actual economic loss in excess of $5,000, they might be able to recover up to $9,100. NRS 698.070(5) can be distinguished from transfer-type statutes that do not require proof of actual economic loss.[1] The plain meaning of the statute is that the survivor shall receive at least $5,000 minimum benefits and up to $9,100 if actual economic loss can be proved.

"Things of economic value" indicates something affecting the material resources of the survivors, such as wages or services. Noneconomic detriment, NRS 698.120, is recoverable in a wrongful death action. NRS 698.280(1)(i); NRS 41.090(2). Pecuniary value has been construed to include loss of comfort, companionship, and society. However, the word "pecuniary" is not contained in NRS 698.070(5). The plain meaning of that statute excludes damages for the loss of companionship, comfort, and society from survivor's benefits.

The Carrillos concede that their daughter did not contribute

---

[1]Compare K.S.A. 1977 Supp. 40-3103(y), which provides for allowances to all survivors for the loss of an injured person's monthly earnings after his or her death, up to a maximum of not less than $650 per month. Hand v. State Mut. Auto. Ins. Co., 577 P.2d 1202 (Kan.App. 1978).

any of her wages to them. Based upon that concession, the district judge concluded that the Carrillos are entitled to only $5,000[2] per policy because they suffered no economic loss.

State Farm argues that stacking is appropriate only when actual damages exceed the benefits recoverable on a single policy. The Carrillos argue that the proscription against double recovery for the same items of damages and the actual damage limitation on stacking policies should not apply to survivor's benefits. They compare the benefits to life insurance and argue that they paid the premiums and should receive the benefits.

The Nevada Motor Vehicle Insurance Act does not preclude stacking of obligations to pay basic reparation benefits as long as payment does not entail recovery for the same items of damage. Cooke v. Safeco Ins. Co., 94 Nev. 745, 587 P.2d 1324 (1978); Travelers Ins. Co. v. Lopez, 93 Nev. 463, 567 P.2d 471 (1977). As the court noted in *Lopez,* NRS 698.360 allows additional optional coverage for added reparation benefits. The added coverage can be accomplished by purchasing separate policies providing for the same basic reparations benefits. In this case, the Carrillos had five State Farm policies providing for the same survivor's benefits. Cases previously decided by this court concerning stacking involved actual damages in excess of the combined limits of all the policies. *See e.g.,* United Services Automobile Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970); Cooke v. Safeco Ins. Co., 94 Nev. 745, 587 P.2d 1324 (1978). Inasmuch as no ultimate value can be placed on the life of any person, the stacking ordered by the district judge is permissible.

Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the fact and amount of loss realized. NRS 698.410(1). Overdue payments bear interest at the rate of 18% per year. NRS 698.410(2). State Farm paid $5,000 to the Carrillos but refused to pay the remainder of their claim. State Farm erroneously rejected the claim. It did so at its own risk. The allowance of interest is not dependent upon the presence or absence of State Farm's good faith in rejecting the claim. Ortiz v. Safeco Ins. Co., 366 A.2d 695 (NJA App. 1976); *cf.* State Farm Mut. Auto. Ins. Co. v. Christensen, 88 Nev. 160, 494 P.2d 552 (1972) (prejudgment interest accrued from default against uninsured motorist despite unresolved bona fide dispute about stacking). The statute is absolute on its

---

[2]The Carrillos have settled their wrongful death action against the driver of the car. As noted above, damages for loss of companionship, society, and comfort are recoverable in such an action. NRS 41.090(2).

face. State Farm is liable for the interest on the amount it owes in excess of $5,000.

NRS 698.420 provides that if overdue benefits are recovered in an action against the insurer, a reasonable attorney's fee "shall be paid by the reparation obligor to the attorney". The language of the statute is mandatory. Because State Farm owes overdue benefits, it therefore owes reasonable attorney's fees to the Carrillos.

This case is affirmed in part, reversed in part and remanded to the district court for the purpose of fixing interest and awarding reasonable attorney fees.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.