## Heinsey v. Nationwide Insurance Co.

*Donald F. Smith,* for plaintiff.
*David M. Kozloff,* for defendant.

ESHELMAN, *J.,* November 19, 1981—Plaintiff commenced this action is assumpsit seeking to recover certain benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act.[1] Preliminary objections of defendant Nationwide Insurance Company, filed in response to the amended complaint of plaintiff, are now before us for disposition.

The relevant facts of the case are as follows:

Sandra J. Heinsey, the wife of Donald Heinsey, plaintiff in this action, was killed in an automobile accident on November 30, 1977. At the time of her death, she was operating her 1972 Dodge automobile for which defendant Nationwide had provided no-fault coverage pursuant to a certain policy of insurance. The same policy also provided no-fault coverage for a 1970 Chevrolet automobile which was also owned by the Heinseys.

As a result of his wife's death, plaintiff incurred funeral expenses of $2,000. On December 19, 1977, Nationwide paid no-fault benefits to plaintiff in the

---

1. Act of July 19, 1974, P.L. 489, art. I, sec. 101 et. seq., 40 P.S. § 1009.101 et. seq.

amount of $1,500 toward the funeral bill and $5,000 for survivor's loss. Plaintiff commenced this action on November 13, 1979 and subsequently filed a complaint on January 25, 1980, claiming no-fault work loss benefits in the amount of $15,000 together with attorney's fees and interest. Thereafter, on June 23, 1981, plaintiff filed a petition for leave of court to file an amended complaint. Under the terms of the petition, plaintiff sought to enlarge his request for damages.

By an order dated September 8, 1981, The Honorable Warren K. Hess granted plaintiff's petition and allowed the amended complaint to be filed.

On September 15, 1981, plaintiff filed an amended complaint seeking an additional $15,000 in no-fault work loss benefits, $5,000 in survivor's loss benefits, $500 in no-fault funeral expense benefits plus attorney's fees and interest.

Defendant Nationwide filed preliminary objections to plaintiff's amended complaint on October 6, 1981.[2]

## DISCUSSION

Respectively, defendant's preliminary objections nos. 1 through 3, in the nature of a demurrer, aver that plaintiff's amended complaint fails to set forth a cause of action under the No-fault act for work loss benefits in excess of $15,000, for funeral expense benefits in excess of $1,500 and for survivor's loss benefits in excess of $5,000. As the insurance policy in question insured both automobiles owned by the Heinseys, and defendant charged a separate

2. Defendant's preliminary objections nos. 4 and 5, raising the question of plaintiff's entitlement to attorney's fees and interest, were not briefed by defendant. Hence, we consider both of these preliminary objections as abandoned.

no-fault premium for each of the two vehicles, plaintiff responds that he is entitled to accumulate or stack no-fault benefits.

Our research discloses no appellate authority dealing with the precise issue currently before us, however, in Wilson v. Keystone Insurance Company, no. 3832 November Term 1979 (C. P. Philadelphia County, May 7, 1981),[3] a case of first impression, the Court of Common Pleas of Philadelphia County held that stacking of no-fault benefits was proper. Relying on the legislative policy as expressed per section 102 of the act,[4] the court stated: "[I]t is the clear intent of the No-Fault Act that there be a system of insurance whereby all injured parties covered by this Act be compensated to the *full extent* of their injuries up to the maximum amounts of all applicable insurance policies but not in excess of the actual damages so long as the premiums are paid." Slip opinion at 4. (Emphasis in original) Accordingly, claimant was allowed to cumulate coverage up to the limit of no-fault liability as applied to each of the automobiles owned by him (and insured under one policy with defendant) to the extent of actual loss up to the maximum amount of coverage provided for both vehicles.[5]

Additionally, we note that other jurisdictions have permitted no-fault claimants to cumulate benefits under applicable policies. See Wasche v. Milbank Insurance Co., 268 N.W. 2d 913 (Minn. 1978); Cooke v. Safeco Insurance Co. of America, 94 Nev. 745, 587 P. 2d 1324 (1978). Moreover, in

---

3. An appeal has been taken to the Pennsylvania Superior Court.

4. 40 P.S. §1009.102

5. But see: Pontius v. U.S. Fidelity and Guaranty Co., 102 Dauphin 432 (1981).

our Commonwealth, the stacking of benefits is well established in the analagous area of uninsured motorist coverage. See State Farm Mutual Auto Insurance Co. v. Williams, 481 Pa. 130, 392 A. 2d 281 (1978); Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968); see also Marchese v. Aetna Casualty and Surety Co., ____ Pa. Superior Ct. ____, 426 A. 2d 646 (1981); Brader v. Nationwide Mutual Insurance Co., 270 Pa. Superior Ct. 330, 411 A. 2d 516 (1979); Sones v. Aetna Casualty and Surety Co., 270 Pa. Superior Ct. 330, 411 A. 2d 552 (1979).

We are mindful that a demurrer may only be sustained where it appears with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff. Tanenbaum v. Sears, Roebuck and Co., 265 Pa. Superior Ct. 78, 401 A. 2d 809 (1979). If there exists any doubt, the demurrer must be overruled. Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). As this court is not of the opinion that stacking of benefits would not be allowed under the No-fault act, defendant's preliminary objections nos. 1 through 3 are denied and dismissed.

Preliminary objection no. 6 of defendant, in the nature of a demurrer, alleges that plaintiff's claim for no-fault benefits under the second automobile coverage is barred by the no-fault statute of limitations.

The applicable provisions of the No-fault act with regard to limitations of actions are set forth within section 106(c) of the act.[6] Initially, we note that the time limits on actions to recover differ, depending upon whether plaintiff's claim arises from injury or death. Section 106(c)(1) provides the time limits in actions for benefits for "loss arising otherwise than from death." Here, plaintiff is attempting to re-

6. 40 P.S. §1009.106(c)

cover no-fault benefits arising from the death of his wife. Section 106(c)(1) is therefore inapplicable. With respect to loss arising from death, (survivor's loss, work loss and funeral expenses[7]) where benefits have been paid to any survivor, section 106(c)(2) provide that an action for further survivor's benefits for either the same or any other claimant may be commenced within two years after the last payment of benefits. As aforementioned, defendant's last payment of no-fault benefits was made on December 19, 1977. Plaintiff commenced this action on November 13, 1979, within the two-year limitation. The issue therefore, as framed by defendant, is whether plaintiff's amended complaint of September 15, 1981, which seeks additional no-fault benefits, is barred by the above mentioned statute of limitations. We must conclude however, that defendant's assertion of the defense is premature.

Under Pa.R.C.P. 1017(b)(4), a statute of limitations may only be raised by a demurrer if it provides a bar against plaintiff (1) which cannot be waived by defendant, (2) which destroys the right of action of plaintiff and (3) the applicability of which appears on the face of the complaint. If any of these requirements are absent the defense may be raised *only* by new matter in defendant's answer: Commercial Credit Corporation v. Pasquarello, 8 D. & C. 3d 458 (1978); 2 Goodrich-Amram 2d §1017(b):11. As we are not satisfied

---

7. Funeral expenses do not constitute "survivors benefits" within the meaning of the No-fault Insurance Act, and recovery of such expenses is not subject to the one-year limitation of 40 P.S. §1009.106(c)(2) which is applicable to survivor's benefits; the general six-year statute of limitations of 42 Pa.C.S.A. §5527 applies. Wright v. Allstate Insurance Co., 271 Pa. Superior Ct. 559, 414 A. 2d 395 (1979).

that these prerequisites exist here, defendant's preliminary objection no. 6 is denied.

### ORDER

And now, November 19, 1981, it is ordered that the preliminary objections of defendant Nationwide Insurance Company, to the amended complaint of plaintiff, be and are hereby denied and dismissed. Defendant is given 30 days from the date of this opinion and order to file a responsive pleading.