YOSEMITE INSURANCE COMPANY, Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSUR- ANCE and THOMAS KEVIN PURSEL, Respondents.

No. 12996

November 3, 1982

653 P.2d 149

---

*Beckley, Singleton, Delanoy & Jemison, J. Mitchell Cobeaga,* and *B. Alan McKissick,* Las Vegas, for Appellant.

*Rose, Edwards, Hunt & Pearson,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*[1]

Appellant Yosemite Insurance Company (hereinafter "Yosemite") contends that the trial court erred in granting summary judgment to State Farm Mutual Automobile Insurance (hereinafter "State Farm") and applying Yosemite's general policy limits to determine proration of settlement payments.

In 1977 Thomas Pursel, insured by State Farm, was involved in an automobile accident while test driving an automobile for prospective purchase. The vehicle was owned by Justin Enterprises, Inc., dba Justin Auto Sales and Leasing and was insured by Yosemite under a garage liability insurance policy. That policy provides coverage for bodily injury liability at $100,000 per

---

[1]This appeal was previously dismissed on the merits in an unpublished order of this court. Upon the request of respondents' counsel, and with the concurrence of appellant's counsel, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our Order Dismissing Appeal dated May 12, 1982.

person, $300,000 per occurrence and $50,000 in property damage. However, an endorsement, A375, attached to that policy, limits coverage for garage customers such as Pursel. The endorsement provides coverage only in the event other insurance is insufficient or unavailable and then only in an amount equal to the minimum required by Nevada's Motor Vehicle Insurance Act.[2] NRS Ch. 698, repealed by 1979 Nev. Stats. Ch. 660 §9. At the time of the accident, these statutory minimum limits were $15,000 per person, $30,000 per occurrence for bodily injury and $5,000 for property damage.

The damages claimed by third parties as a result of the accident totaled $100,254.38. State Farm and Yosemite contributed to a settlement on a pro rata basis, the latter in accordance with its "garage customer" endorsement coverage of $15,000/$30,000/$5,000. State Farm filed a motion for summary judgment, claiming that Yosemite's garage customer endorsement

---

[2]Yosemite's garage insurance endorsement A375 states as follows:

LIMITED COVERAGE FOR CERTAIN INSUREDS.

This endorsement modifies such insurance as is afforded by the provision of the policy relating to the following:

GARAGE INSURANCE

In consideration of the reduced rate of premium made applicable to the Garage Liability Insurance, it is agreed that the garage customers are not insureds with respect to the automobile hazard except in accordance with the following additional provisions:

1. If there is other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer and the limits of such insurance are sufficient to pay damages including damages for care and loss of services because of bodily injury, or property damage up to the amount of the applicable financial responsibility limit, no damages including damages for care and loss of services because of bodily injury, or property damage are collectible under this policy.

2. If there is other valid and collectible insurance available to the garage customer, whether primary, excess or contingent, and the limits of such insurance are sufficient to pay damages including damages for care and loss of services because of bodily injury, or property damage up to the amount of the applicable financial responsibility limit, then this insurance shall apply to the excess of damages including damages for care and loss of services because of bodily injury, or property damage up to such limit.

3. If there is no other valid and collectible insurance, whether primary, excess or contingent, available to the garage customer, this insurance shall apply but the amount of damages including damages for care and loss of services because of bodily injury, or property damage payable under this policy shall not exceed the applicable financial responsibility limit.

4. As used in this endorsement: "applicable financial responsibility limit" refers to the applicable limit of the financial responsibility law of the state where the automobile is principally garaged.

was invalid and that Yosemite's higher coverage limits should govern its pro rata share. The trial court granted respondents' summary judgment motion.

Contrary to respondents' contention, we determine that variance in coverage between the named and omnibus insured does not violate public policy. *See* Neal v. Farmers Insurance Exchange, 93 Nev. 348, 566 P.2d 81 (1977); Arceneaux v. State Farm Mutual Automobile Insurance Co., 550 P.2d 87 (Ariz. 1976).

However, we find that the garage customer endorsement in this case fails to effectively limit coverage for omnibus insureds such as Pursel. The endorsement provides that coverage to the statutory minimum is entirely dependent on the sufficiency of other valid and collectible insurance. In Travelers v. Lopez, 93 Nev. 463, 567 P.2d 471 (1977), we declared such "other insurance" clauses to be void where, as here, they conflict with similar clauses in the other policy of insurance. In *Travelers,* we determined that an insurance company could not seek to "defer or limit its liability" on the basis of the availability of other insurance. Clearly, that is what Yosemite sought to do in its garage customer endorsement. The endorsement is, therefore, void.

We recognize that other courts have construed similar endorsements to limit coverage to the statutory minimum although the "other insurance" language is deemed void. *See, e.g.,* Rocky Mountain Fire and Casualty Co. v. All State Insurance Co., 485 P.2d 552 (Ariz. 1971). We decline to overlook the ambiguity created by the invalid "other insurance" language in such a provision and elect to follow our well-established policy of construing ambiguities in insurance policies against the drafter. *See* Catania v. State Farm Life Insurance Company, 95 Nev. 532, 598 P.2d 631 (1979).

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[3] concur.

---

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.