**Robert J. MOYER and Gloria G. Moyer, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–R–82–327–ECR.**

United States District Court, D. Nevada.

Aug. 6, 1984.

Peter D. Durney, Reno, Nev., for plaintiffs.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendant.

## AMENDMENT TO ORDER

EDWARD C. REED, Jr., District Judge.

In an Order dated November 30, 1983, this Court, after a bench trial, ordered that the Clerk of Court enter judgment in favor of Defendant and against Plaintiffs. Judgment was entered December 2, 1983. On page 12 of the Order, the Court stated:

"While it is certainly not easy to put a percentage figure on the negligence of Officer Miller as opposed to that of Alan, it seems clear from the evidence that Alan was as negligent as Officer Miller. This precludes recovery by Plaintiffs. NRS 41.141."

The Court's Order was intended to convey its conclusion that the negligence of Messrs. Moyer and Miller each contributed equally to the accident; that is, as between themselves, each was 50% negligent.

■ The Court did err as a matter of law, in the above-quoted paragraph from its Order, where it concluded that the equal negligence of Mr. Moyer and Mr. Miller precluded recovery by Plaintiffs. Nevada's comparative negligence statute, NRS 41.-141, specifically provides that the contributory negligence of a plaintiff's decedent does not bar recovery "if that negligence was not greater than the negligence of the person ... against whom recovery is sought...." It then mandates that any damages allowed must be diminished in proportion to the amount of negligence attributable to the plaintiff's decedent. In the instant case, the practical application of the statute means that the damages recoverable by Plaintiffs if their decedent had not been contributorily negligent must be reduced 50% because that percentage of negligence is attributable to the decedent. Therefore, Plaintiffs' motion requesting the Court to reconsider its Order of November 30, 1983, and the Judgment based thereon, must be granted, for a district court has power to correct its error of law. *See Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 and n. 5 (9th Cir.1982).

■ The Nevada wrongful death statute, NRS 41.085, designates the only types of injury for which pecuniary damages may be recovered in a wrongful death action. *See Wells, Inc. v. Shoemake*, 64 Nev. 57, 177 P.2d 451, 456 (1947). They include grief or sorrow and loss of probable support, companionship, society and comfort. Even prior to the enactment of this particular statute damages were recoverable in Nevada for noneconomic detriment. *See Carrillo v. State Farm Mut. Auto. Ins. Co.*, 96 Nev. 793, 618 P.2d 351, 353 (1981).

■ The evidence in this case quite clearly establishes that neither of the decedent's parents (Plaintiffs herein) will ever completely get over the grief caused by his untimely death. Where the dead child was a truly beloved member of a close-knit family, as was the case here, the grief and sorrow often outweigh and outlast any actual pecuniary loss involved. *See Corman v. Weg Dial Telephone, Inc.*, 194 Kan. 783, 402 P.2d 112, 115 (1965). Plaintiffs have and will continue to miss the companionship, society and comfort of their son far more than any material contributions he might have made to their well-being. Fortunately, Plaintiffs were not dependent on the decedent for support. This is not determinative of whether they may recover for loss of probable support, however. From the circumstances, e.g., Alan's paying for the family's trip to his grandparents and his contribution of his time and services when a key employee deserted his father's business, there was a reasonable expectancy that, except for his death, he would have contributed gifts and aid having an establishable pecuniary value to his parents. Such contributions would naturally have flowed from the feelings of affection, gratitude and loyalty Alan obviously

felt for his father and mother. Plaintiffs are entitled to recover for such loss of probable support. *See Rogers v. Worthan,* 465 P.2d 431, 438–9 (Okla.1970); *Christensen v. Floriston Pulp & Paper Co.,* 29 Nev. 552, 92 P. 210, 217 (1907).

It appears that, historically, lump sum judgments have been awarded to multiple plaintiffs in wrongful death actions, to be apportioned later by agreement or by the court upon motion. *See Parker v. Chrysler Motors Corporation,* 88 Nev. 560, 502 P.2d 111, 112 (1972); *Wells, Inc. v. Shoemaker, supra* 64 Nev. at 177 P.2d 459. However, NRS 41.085(4), enacted in 1979), provides that the trier of fact may award each heir pecuniary damages for the types of injury specified in the statute (grief, loss of companionship, etc.). Therefore, separate awards shall be made to each plaintiff.

The Moyer family is so close that it may truthfully be said that whatever benefits Mr. Moyer enjoys are enjoyed equally by his wife, and vice versa. Also, the emotional and loss of probable support injuries sustained by reason of their son's death impact with equal weight upon both of them. Consequently, identical damages shall be awarded to them.

Despite the difficulty in equating money damages to the grief and losses suffered by Plaintiffs herein, the Court finds that the sum of $50,000 is an appropriate amount to award plaintiff Robert J. Moyer, and a like sum of $50,000 is appropriate for the damages incurred by plaintiff Gloria G. Moyer. Since Plaintiffs' decedent was 50% contributorily negligent, each of said awards must be diminished by 50%.

IT IS, THEREFORE, HEREBY ORDERED that the Judgment entered herein on December 2, 1983, be vacated.

IT IS FURTHER ORDERED that the Order herein dated November 30, 1983, be amended to reflect that the Clerk of Court shall enter judgment against Defendant and in favor of *each* Plaintiff for damages in the sum of $25,000.00.