## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Mark SMITH, Guardian of Christine SMITH, an Incompetent

87-82                                                    732 S.W.2d 137

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*Laser, Sharp & Mayes, P.A.*, for appellant.

*Sam T. Heuer*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant, State Farm Mutual Automobile Insurance Company, sold three separate insurance policies on three different automobiles to Mark and Christine Smith. Each of the policies provided identical coverage against one year's loss of income as required by the no-fault statute, Ark. Stat. Ann. § 66-4014(b) (Repl. 1980). Appellant

charged a premium on each policy for this coverage. The appellee, Christine Smith, was totally disabled in a car wreck. Each policy contained a limit on the benefits for loss of income. Appellant paid the limit of one policy but refused to pay any more. Appellee filed suit claiming that she was entitled to benefits under all three policies even though such a recovery would exceed her actual loss of income. Appellant admitted that stacking of the three policies was permissible but argued that the stacking of benefits is improper when it causes the insured to recover an amount in excess of the actual loss of income. The trial court held that the insured could collect benefits for her lost wages under each policy. We affirm.

The insured paid the three premiums to the insurance company for three separate policies. In fairness, the insurance company should pay benefits under each policy unless the insurance policies provide otherwise, or the pertinent statute provides otherwise, or the payment of benefits in excess of the actual loss would be contra to public policy.

The language in each of the policies provides that the appellant insurance company will pay 70% of the insured's weekly wage, up to a maximum of $140.00 per week, for a period of up to 52 weeks. There is no language indicating that only one policy is effective, or that benefits shall not be payable in excess of the actual loss. The policies simply do not prevent the stacking of benefits.

Many states have statutes which provide that the benefits under personal injury protection coverages shall not exceed the actual losses. Courts have uniformly enforced such statutory provisions. For example, the Texas Court of Civil Appeals cited V.A.T.S. Insurance Code, art. 5.06-3, in holding that benefits cannot in the aggregate exceed the actual loss. *Creighton* v. *Fidelity & Casualty Co. of New York*, 581 S.W.2d 815 (Tex. Civ. App. 1979). The Michigan Court of Appeals cited M.C.L. § 50.3115(3) in reaching the same result. *Beaver* v. *Auto-Owners Ins. Co.*, 93 Mich. App. 399, 286 N.W.2d 884 (1979). The Kentucky Court of Appeals cited similar provisions, K.R.S. § 304.39-060, 304.39-070, *Hargett* v. *Dodson*, 597 S.W.2d 151 (Ky. App. 1979), and the Supreme Court of Nevada cited N.R.S. § 698.010 et seq., § 698.040, § 698.070, § 698.280(1)(h), (which

have since been repealed), in reaching the same result. *Bryan* v. *Allen*, 96 Nev. 572, 613 P.2d 412 (1980). However, the Arkansas personal injury protection statute, Ark. Stat. Ann. § 66-4014 (Repl. 1980), does not contain such a limiting provision. Thus, payment in excess of the actual loss does not violate our insurance code, and the stacking of benefits is not prohibited for that reason.

■ The appellant does not contend that payment of benefits in excess of actual losses is contra to public policy. Accordingly, we hold that since neither the policies nor the applicable statute prohibit payment in excess of actual losses, and no public policy argument is made, the insurer is liable on multiple policies for which multiple premiums are collected.

■ The appellant next argues that the trial court erred in granting summary judgment for appellee because there was a factual dispute about the amount of her loss of earnings. The argument is without merit. The appellee attached affidavits to her motion for summary judgment showing her salary as a part-time school teacher for the six months immediately prior to the accident in order to show her then current salary. Of course, the purpose was to establish her future loss of income. Appellant did not offer a counter-affidavit to dispute her salary level. Even viewing all inferences and doubts in appellant's favor, as we must do in reviewing the summary judgment, we see no dispute of a material fact about the amount of appellee's loss of earnings.

Affirmed.

GLAZE, J., not participating.