SUZANNE HALL and MICHAEL HALL, The Natural Parents and Guardians of RUBY HALL, a Minor, Appellants, v. FARMERS INSURANCE EXCHANGE, Respondent.

No. 19079

February 22, 1989                    768 P.2d 884

---

*Crockett & Myers,* and *James V. Lavelle,* Las Vegas, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*[1]

Ruby Hall, a pedestrian, was injured in an accident between an uninsured motorist and an underinsured motorist. Ruby was insured as a family member on her father's automobile insurance policy which provided uninsured motorist coverage of $15,000 per person, up to a maximum of $30,000 per occurrence. The policy itself defined this coverage to include protection against both uninsured and underinsured motorists. Appellants therefore claimed they were entitled to collect a total of $30,000 for Ruby's injuries due to the involvement in the accident of both an uninsured and an underinsured motorist. Respondent paid only

---

[1]THE HONORABLE ROBERT E. ROSE, Justice, was disqualified from participating in the decision of this appeal.

$15,000 to appellants, however, claiming the payment satisfied the limit of the policy. Appellants sought declaratory relief in the district court. The district court granted respondent's motion to dismiss the complaint, and this appeal followed.

Appellants contend that the statutes requiring insurers to make available coverage against both uninsured and underinsured motorists evince a legislative intent to protect insureds from damages resulting from both kinds of tortfeasors. *See* NRS 690B.020 (requiring insurers to make available coverage against uninsured motorists) and NRS 687B.145(2) ("[u]ninsured motorist coverage must *include* a provision which enables the insured to recover up to the limits of his own coverage any amount of damages for bodily injury from his insurer which he is legally entitled to recover from the owner or operator of the other vehicle to the extent that those damages exceed the limits of the bodily injury coverage carried by that owner or operator") (emphasis added). We conclude, however, that these statutes do not create a requirement that insurers provide separate coverages against uninsured and underinsured motorists; rather, insurers are required to make uninsured motorist coverage available, and that coverage must *include* coverage against underinsured motorists. Thus, underinsured motorist coverage is merely a component of uninsured motorist coverage and does not exist separately.

Finally, we reject appellants' arguments that this result is unfair or contrary to public policy. Respondent did not fail to offer Mr. Hall uninsured motorist coverage in an amount up to the limits of his liability coverage; rather, the policy limits of coverage against uninsured and underinsured motorists were inadequate because Mr. Hall chose to purchase coverage in only a minimal amount. *Cf.* Ippolito v. Liberty Mutual, 101 Nev. 376, 379, 705 P.2d 134, 136 (1985) (where policy limited coverage available in contravention of statute, the statutorily increased protections would be implied). Mr. Hall purchased one "coverage" for which he paid one premium; it is not, therefore, unfair to interpret that coverage as providing only one recovery. *See* Cooke v. Safeco Ins. Co., 94 Nev. 745, 587 P.2d 1324 (1978).

The judgment of the district court is affirmed.