**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI MCGRATH, | No. 20-15730 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:19-cv-00036-JCM-DJA |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 7, 2020**
Seattle, Washington

Before: MILLER and BRESS, Circuit Judges, and BASTIAN,*** District Judge.

Lori McGrath appeals from the district court's order granting summary

judgment to Liberty Mutual Fire Insurance Company on her claims of breach of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Stanley Allen Bastian, Chief United States District
Judge for the Eastern District of Washington, sitting by designation.

contract and breach of the implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review the district court's grant of summary judgment de novo. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). At summary judgment, the moving party "bears the initial burden of demonstrating the absence of a genuine issue of fact for trial." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). But on an issue as to which the nonmoving party bears the burden of proof at trial, the moving party need not show more than "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the nonmoving party fails to then "make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is proper. *Id.* at 322. Because McGrath failed to make a showing sufficient to challenge the validity of the terms of her Liberty Mutual insurance policy, the district court did not err in granting summary judgment to Liberty Mutual on McGrath's breach of contract claim.

McGrath contends that Liberty Mutual did not present sufficient evidence to demonstrate the validity of its policy's "other insurance" provision. When another insurer has paid part of the insured's loss, that provision limits Liberty Mutual's liability by capping the insured's total recovery at the higher of the applicable policy limits. Because State Farm has already provided McGrath with coverage up

to the $100,000 limit of both the State Farm and Liberty Mutual policies, the "other insurance" provision permits Liberty Mutual to deny further coverage. Under Nevada law, an "other insurance" provision is invalid "when it conflicts with a similar clause contained in another policy of insurance" because the conflicting terms could result in both insurers' disclaiming liability. *Travelers Ins. Co. v. Lopez*, 567 P.2d 471, 474 (Nev. 1977). Such a conflict is unlikely to arise here because McGrath has conceded that the State Farm policy provides primary coverage, while the Liberty Mutual policy provides excess coverage. *See Zervas v. USAA Gen. Indem. Co.*, 370 F. Supp. 3d 1169, 1172–75 (D. Nev. 2019).

But if there is a conflict between the two policies, it is impossible for us to discern it because the State Farm policy is not part of the record. McGrath maintains that Liberty Mutual was responsible for providing the State Farm policy to the district court. We disagree. Under Nevada law, an "other insurance" provision is valid unless it conflicts with another "other insurance" provision. *Travelers Ins. Co.*, 567 P.2d at 474; *Yosemite Ins. Co. v. State Farm Mut. Auto. Ins.*, 653 P.2d 149, 150 (Nev. 1982). Therefore, McGrath, as the party challenging the validity of the provision, bears the ultimate burden of demonstrating a conflict between Liberty Mutual's "other insurance" provision and a similar provision in State Farm's policy. *Celotex*, 477 U.S. at 322.

McGrath relies on cases involving anti-stacking clauses for her argument

that Liberty Mutual bore the burden of producing the State Farm policy. But anti-stacking clauses, which limit an insurer's ability to aggregate coverage limits, are distinct from "other insurance" provisions. *Zervas*, 370 F. Supp. 3d at 1175–76; *see also Travelers Ins. Co.*, 567 P.2d at 472–75 (Nev. 1977). Unlike "other insurance" provisions, anti-stacking clauses are presumed void unless they comply with the requirements of Nevada law. *See* Nev. Rev. Stat. § 687B.145(1). For that reason, the insurer in an anti-stacking case bears the burden of proving the validity of the anti-stacking clause, including producing the relevant insurance policies. *Torres v. Farmers Ins. Exchange*, 793 P.2d 839, 842 (Nev. 1990).

The same is not true in cases involving "other insurance" provisions because the essential evidence includes the insurance policy of another insurer. Here, there is no suggestion that Liberty Mutual had the State Farm insurance policy within its control.

Because McGrath did not meet her burden of producing evidence of a conflict with the State Farm policy, the district court did not err in granting summary judgment to Liberty Mutual.

2. McGrath also argues that ambiguities in the Liberty Mutual policy preclude summary judgment. To the extent McGrath has not forfeited that argument by not raising it below, *see In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), we agree with the district court that the

4

language of the policy is unambiguous, *see Travelers Ins. Co.*, 567 P.2d at 474 (holding a similar "other insurance" provision to be unambiguous).

3. The crux of McGrath's claim that Liberty Mutual breached the implied covenant of good faith and fair dealing is that Liberty Mutual's denial of benefits on the basis of the "other insurance" provision was unreasonable. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). Because we agree with the district court that Liberty Mutual's "other insurance" provision bars McGrath's recovery, Liberty Mutual's decision to deny McGrath benefits was not unreasonable. Thus, the district court did not err in granting summary judgment to Liberty Mutual on that claim.

**AFFIRMED**.